**In re Ronald E. ZIMMERMAN, Janet G. Zimmerman, trading as Zimmerman's Classic Building Systems and Hanover Self-Storage, Debtors.**

**Vincent P. PISULA and Harry P. Seifert, trading as S & P Partnership, Plaintiffs,**

**v.**

**Ronald E. ZIMMERMAN, Janet G. Zimmerman, trading as Zimmerman's Classic Building Systems and Hanover Self-Storage, Defendants.**

**Bankruptcy No. 1–82–00588. Adv. No. 1–82–0724.**

United States Bankruptcy Court, M.D. Pennsylvania.

July 6, 1983.

Jesse L. Crabbs, Hanover, Pa., for plaintiffs.

Kent H. Patterson, Harrisburg, Pa., for defendants.

## MEMORANDUM

### DENYING RELIEF FROM STAY

ROBERT J. WOODSIDE, Bankruptcy Judge.

This case involves a complaint to lift the stay so that plaintiff can pursue its state remedies under a land installment contract. The defendants have alleged that there is sufficient equity in the property to provide adequate protection to plaintiff. From the testimony and the pleadings, we made the following Findings of Fact:

1. The plaintiff is S & P Partnership which consists of Vincent P. Pisula and Harry P. Seifert as the partners.

2. The defendants are Ronald E. Zimmerman and Janet G. Zimmerman trading as Zimmerman's Classic Building Systems and Hanover Self-Storage.

3. On or about October 19, 1979, the plaintiff and defendants entered into an installment sales contract wherein the defendants agreed to purchase from plaintiff 33.023 acres situated in Latimore Township, Adams County, Pennsylvania, for a total price of one hundred seventy five thousand ($175,000) dollars.

4. As of June 24, 1982, the amount or indebtedness under the land installment contract was one hundred nineteen thousand four hundred forty one and 59/100 ($119,441.59) dollars plus interest.

5. The total amount due at the time of the hearing was approximately one hundred thirty five thousand ($135,000) dollars. The land installment contract called for a balloon payment of the balance of the purchase price on October 19, 1982. This payment was not made.

6. The property is presently listed with John Dougherty Associates for a price of two hundred forty five thousand ($245,000) dollars.

7. The property has a market value of two hundred thousand ($200,000) dollars.

8. The sale of the property and the obtaining of the equity in it by the debtors is necessary for the debtors to file a plan of reorganization.

### DISCUSSION

The basic thrust of the debtors in this case is that the "equity cushion" can be and in this case is adequate protection so that the Court should not grant the requested relief from the stay. We find merit to the contention and will enter an appropriate order denying the prayer of plaintiff's complaint.

James M. Kriebel, Jr., the individual from John Dougherty Associates who is handling this transaction, described the real estate as follows:

Q. And could you describe the property to us?

A. Certainly, the thirty-three acres that lists in Latimore Township, it is dissected by Mountain Road. Twenty acres lie to the west of Mountain Road, approximately thirteen to the east. A thirteen-acre parcel has ten acres of basically farmland, three acres which would include the house and the barn and the other outbuildings. The twenty-acre parcel which is across the road includes a four-acre pond, some low land and also some farmland on that side. The stone farmhouse was built in 1862, is approximately 4,000 square feet. It has two baths, living room, dining room, kitchen, four fireplaces, slate

roof. I might add parenthetically it was state of the art in 1862. That was about as fine a piece of property as you could have built. The quality, craftsmanship and material are virgin, which would include two staircases from the basement and the attic to the front and back of the house. The basement is stone and concrete. It has a coal hot water heating system which is more than adequate for the heating of the house. It has been completely rewired with at least a 200 amp electrical service. I believe there is separate service to the barn. The barn was destroyed by fire. The stone foundation was retained. In 1963 the barn was rebuilt. There is 10,000 square feet on the main barn floor. You can probably put two basketball courts inside the main barn area. The lower area is for Mr. Zimmerman's business purposes and has been completely concreted. It has been insulated. There is a small section which you could consider livable, if you will. There are other outbuildings. I think that is a sufficient description.

Kriebel has the property listed at two hundred forty five thousand ($245,000) dollars and he testified that the worst they could do would be one hundred seventy five thousand ($175,000) dollars. It was Kriebel's opinion that the property should not sell for less than two hundred thousand ($200,000) dollars and the Court has found as a fact that this amount is the fair market value of the property.

Section 362(d) provides the following two bases for Plaintiff to prevail in a complaint to lift the stay:

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d) (1978). This case is not unlike *In re Orlando Coals, Inc.,* 6 B.R. 721 (Bkrtcy.S.D.W.Va.1980) where the Court held that equity cushion alone provided the creditor with adequate protection under Section 362(d)(1). The Court there stated that:

The plaintiff, however, may be entitled to a lifting of the stay if it can show cause under section 362(d)(1), including lack of adequate protection. This Court has previously held that an equity cushion, such as that established here, may adequately protect the creditor's security interest. It also recognizes that this equity cushion, left alone, diminishes over time as the debt balance increases due to accrual of interest and the value of the collateral decreases, generally, due to depreciation. At some point in time, these values converge, resulting in the absence of any equity cushion. Id. at 723, 724.

We think this is a correct holding and feel that the equity cushion in this case of approximately sixty five thousand ($65,000) dollars is sufficient to provide adequate protection for plaintiff. This of course would not preclude plaintiff from seeking relief at a later time upon the showing that the equity cushion does not afford adequate protection.

Plaintiff cannot prevail under § 362(d)(2) because as demonstrated above there is equity in the property and the property is necessary for an effective reorganization. The debtor testified that this property was the "cornerstone" of his plan. He needs the equity from the sale of this property and the proceeds from the sale of some antique cars to formulate and file his plan of reorganization.

The above constitutes the Findings of Fact and Conclusions of Law required by Bankruptcy Rule 752.